UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD HENSLEY, JR. (#112218)                                    CIVIL ACTION

VERSUS

LT. CHAFFIN, ET AL.                                              NO. 13-0280-SDD-RLB

**O R D E R**

This matter comes before the Court on the plaintiff's Motion to Make Disclosure (Rec. Doc. 59), Supplemental Motion to Compel Discovery (Rec. Doc. 61), Motion to Compel Production of Documents (Rec. Doc. 62), and Motion for Sanctions (Rec. Doc. 68). These motions are opposed.

In the instant motions, the plaintiff first contends that certain documentation has not been provided to him in response to Request No. 1 of his Request for Production of Documents (Rec. Doc. 45), which Request was directed to defendant Spencer Perkins and requested a copy of excerpts from the defendant's Cuda 4 Unit logbook for the date May 28, 2012. In response to this Request, defendant Perkins responded that the requested documentation had already been provided to the plaintiff, specifically at Rec. Doc. 16-1, pp. 17-18. *See* Rec. Doc. 52. After some initial confusion on the plaintiff's part whether he was in possession of the referenced documents, the plaintiff now apparently acknowledges that he is in possession of same, and he apologizes for his confusion in this regard. *See* Rec. Doc. 68 at p. 3. He asserts, however, that the documentation referred to by the defendant is not responsive to his Request No. 1. Specifically, whereas he requested excerpts from the tier logbook for Cuda 4 Unit at Camp J at LSP on May 28, 2012, *i.e.*, the Unit to which defendant Perkins was assigned on that date, the referenced

documentation appears instead to be excerpts from the tier logbook for the Cuda *3* Unit, which was manned by defendant Lucian Chaffin on that date. Upon a finding by the Court that the plaintiff's contentions in this regard appear to have potential merit and that, in any event, a clarification of the record is justified in this regard,[1] the Court will direct the defendants to provide to the plaintiff certified copies of excerpts from the tier logbooks for BOTH Cuda 3 Unit and Cuda 4 Unit at Camp J at LSP for the date May 28, 2012.

---

1. There is substantial ambiguity in the documentation filed in this proceeding regarding where certain events pertinent to the issues herein took place. For example, it appears clear that the plaintiff was in fact housed on the Cuda 4 Left Unit at Camp J at LSP on May 28, 2012, that defendant Spencer Perkins was supervising the plaintiff's Cuda 4 Left tier at the time of the incident, and that defendant Lucian Chaffin was supervising an adjacent tier, Cuda 3. *See, e.g.,* Rec. Doc. 26 at p. 4 and Rec. Doc. 54-1. It further appears that defendant Chaffin was escorting the plaintiff and a co-inmate to the exercise yard at the time of the referenced incident. However, subsequent events become more clouded. An Unusual Occurrence Report prepared by defendant Chaffin on the date of the incident reflects that the incident complained of happened on Cuda 3 and that defendant Chaffin thereafter placed the plaintiff in the shower cell, presumably at that location. *See* Rec. Doc. 16-1 at pp. 23-24. *See also id.* at p. 25 (Unusual Occurrence Report prepared by Capt. Marcus Callahan, referring to the incident as having occurred on Cuda 3). *Cf.,* Rec. Doc. 36 (wherein defendant Chaffin asserts that he is "unable to specifically recall" whether the incident occurred on Cuda 3 or Cuda 4). In addition, responses provided by defendant Chaffin to the plaintiff's Interrogatories Nos. 1 and 6 make reference to the incident as having occurred on Cuda 3. *See* Rec. Doc. 26. Finally, the logbook excerpts which have been produced by the defendants appear to bear defendant Chaffin's name at the top (suggesting that these excerpts relate to Cuda 3, not Cuda 4), *see* Rec. Doc. 16-1 at pp. 17-18, and these excerpts reflect that the plaintiff was provided with medical attention on *that* tier at 11:15 a.m. on May 28, 2012. *See id.* Notwithstanding the foregoing ambiguities, the defendants have nonetheless contended that "[i]t is undisputed that the incident giving rise to this suit occurred on the Cuda 4 Left tier," *see* Rec. Doc. 65 at p. 4, that documentation pertaining to Cuda 3 is irrelevant to this proceeding, *id.*, and that "[i]t is undisputed that the plaintiff was evaluated by medical personnel on Cuda 4 on May 28, 2012, *see* Rec. Doc. 63 at p. 4. Whereas the above-noted discrepancies may be explained by defendant Perkins' assertion that, in certain of the documentation, "the location of the incident ... is incorrectly identified," *see* Rec. Doc. 63 at p. 3, the plaintiff is certainly entitled to a review of the pertinent documentation from both tiers in order to confirm or dispute these assertions. Further, it does not appear that any documentation has been produced which relates to logbook entries made by defendant Spencer Perkins.

The plaintiff next complains regarding the failure of the defendants to provide him with copies of the tier rosters showing the identities of inmates confined on the Cuda 3-Left and Cuda 4-Left Units at Camp J at LSP on May 28, 2012. The defendants have responded that the requested documentation is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. The defendants also contend that the requested documentation is confidential under La. R.S. 15:574.12, that it cannot be released without written authorization from each offender, and that disclosure of same would result in a "breach of security."

The defendants' contentions are without merit. Clearly, the tier rosters which reflect merely the identities of inmates housed in the cells on the respective tiers where events pertinent to this lawsuit may have occurred, and who may have knowledge regarding the events alleged, is discoverable relative to the plaintiff's claims. Further, the defendants have not shown that disclosure of the rosters on a single date would present a potential threat to security, or that the referenced documents fall within the purview of La. R.S. 15:574.12, or are otherwise confidential under federal law. *See, e.g., Zantiz v. Seal*, 2013 WL 2459269, *5 (E.D. La. June 6, 2013) (recognizing that "[s]pecial caution should be exercised in recognizing a privilege in a civil rights case because 'application of the federal law of privilege, rather than state law, in civil rights actions is designed to ensure that state and county officials may not exempt themselves from the very laws which guard against their unconstitutional conduct by claiming that state law requires all evidence of their alleged wrongdoing to remain confidential'") (citations omitted). Accordingly, the Court will direct the defendants to provide to the plaintiff the referenced documentation. The defendants are advised, however, that they may redact from the referenced documents any personal information which may be present that is properly subject to redaction, *e.g.,* social security numbers and the like.

Finally, the plaintiff complains that certain responses provided by the defendants to his discovery requests are false and/or incomplete, and therefore justify the imposition of sanctions, notably (1) defendant Perkins' implicit representation to the plaintiff, in responding to the plaintiff's Request for Production No. 1, that the documents produced at Rec. Doc. 16-1, pp. 17-18, are copies of excerpts from "Sgt. Spencer Perkins log-book Cuda-4 on May 28, 2012," *see* Rec. Doc. 52, as requested in the referenced Request for Production, (2) defendant Perkins' responses to Requests for Admissions Nos. 2, 5, 8 and 9, *see* Rec. Doc. 64, which the plaintiff asserts are false and should be deemed admitted by the Court, and (3) defendant Perkins' response to Interrogatory No. 6, *see* Rec. Doc. 63, relative to where the plaintiff was located when he received medical attention on May 28, 2012. However, in light of the confusion noted above, *see* note 1, *supra*, the Court is unwilling and unable to determine whether the referenced responses are false and/or intentionally misleading as represented by the plaintiff. Accordingly, the Court will deny this aspect of the plaintiff's Motion, deferring to the plaintiff the right to point out the asserted falsities in impeaching the credibility of the witnesses at trial and deferring to the plaintiff the right to seek further relief at a later time. The Court also denies the defendants' corresponding request for reimbursement of their reasonable expenses incurred in responding to the plaintiff's motions. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Make Disclosure (Rec. Doc. 59), Supplemental Motion to Compel Discovery (Rec. Doc. 61), and Motion to Compel Production of Documents (Rec. Doc. 62) be and they are hereby **GRANTED IN PART**, such that, within fourteen (14) days of the date of this Order, the defendants shall provide to the plaintiff, and file with the Court, (1) a certified copy of excerpts from the tier logbooks for Cuda 3 Unit and Cuda 4 Unit at Camp J at LSP for the date May 28, 2012, and (2) a certified copy of the tier rosters

(redacted if appropriate) identifying the inmates housed on Cuda 3 Unit and Cuda 4 Unit at Camp J at LSP for the date May 28, 2012.

**IT IS FURTHER ORDERED** that the plaintiff's Motion for Sanctions (Rec. Doc. 68) and the defendants' corresponding request for reimbursement of reasonable expenses be and they are hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on July 1, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE**