# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DONALD HENSLEY, JR. (#112218)**                              **CIVIL ACTION**

**VERSUS**

**LT. CHAFFIN, ET AL.**                                        **NO. 13-0280-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 30, 2015.

                                                              **RICHARD L. BOURGEOIS, JR.**
                                                              **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DONALD HENSLEY, JR. (#112218)**                              **CIVIL ACTION**

**VERSUS**

**LT. CHAFFIN, ET AL.**                                        **NO. 13-0280-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the parties' Cross-Motions for Summary Judgment (R. Docs. 71 and 73) and the plaintiff's Supplemental Cross-Motion for Summary Judgment (R. Doc. 87).

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Lucien Chaffin and Sgt. Spencer Perkins, complaining that the defendants violated his constitutional rights on May 28, 2012, by failing to protect him from harm at the hands of a co-inmate and by thereafter issuing the plaintiff a false disciplinary charge. The plaintiff further alleges that the conduct of defendant Chaffin was motivated by retaliatory animus in response to a previous administrative grievance submitted by the plaintiff against that defendant.

The plaintiff moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a copy of an Unusual Occurrence Report prepared by defendant Lucien Chaffin dated May 28, 2012, a copy of an Unusual Occurrence Report prepared by Capt. Marcus Callahan dated May 28, 2012, copies of excerpts from the Camp J tier logbook for the date May 28, 2012, a copy of a Camp J tier roster for the date May 28, 2012, copies of Camp J time sheets for the date May 28, 2012, and statements signed "under penalty of perjury" by co-inmates Herbert Townsend,

Allen Vicks, Wilbert Bradley, Noe Peart and David Hamilton.[1]

The defendants move for partial summary judgment relying upon the pleadings and a Statement of Undisputed Facts.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the

---

1. In the body of his Motion for Summary Judgment, the plaintiff asserts that he is also relying upon excerpts from his administrative remedy proceedings and upon responses filed by the defendants to his written discovery. *See* R. Doc. 78-1 at pp. 7-8.

evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges that on May 28, 2012, he was placed in full restraints by defendant Perkins in preparation for being escorted from his maximum security cell to the Camp J exercise yard for his recreation period. While the plaintiff waited on the tier hallway to be escorted, he became involved in a heated verbal altercation with a co-inmate in another cell, Ronald Williams. According to the plaintiff, both defendant Perkins and defendant Chaffin observed the verbal altercation and were fully aware that the plaintiff and co-inmate Williams were in conflict. Notwithstanding, defendant Chaffin instructed defendant Perkins to also prepare co-inmate Williams "for the yard," and defendant Chaffin then operated the controls so as to open co-inmate Williams' cell. The plaintiff asserts that co-inmate Williams then came running toward the plaintiff on the cell tier, was able to free himself from his wrist restraints, and proceeded to repeatedly punch the plaintiff in the face. Whereas defendant Perkins initially yelled for the inmates to stop fighting, defendant Chaffin told defendant Perkins to "let them fight," whereupon the two defendants officers stood back and allowed co-inmate Williams to repeatedly punch and then begin to choke the plaintiff. Finally, the defendants intervened to stop the fighting and notified supervising officials of the incident. According to the plaintiff, defendant Chaffin and another officer, Capt. Marcus Callahan, then prepared falsified written reports relative to the incident and issued a falsified disciplinary charge against the plaintiff. The plaintiff asserts that

the actions of defendant Chaffin were undertaken in retaliation for an administrative grievance that the plaintiff had filed against defendant Chaffin in February, 2012. Although the plaintiff had voluntarily withdrawn that grievance, the plaintiff believes that defendant Chaffin had a "personal vandetta [sic]" toward the plaintiff that motivated the defendant to wish to cause the plaintiff harm.

Addressing first the defendants' Motion for Partial Summary Judgment (R. Doc. 71), the Court notes that the defendants do not seek dismissal of the plaintiff's claim regarding the defendants' alleged failure to protect him from harm at the hands of the referenced co-inmate. Instead, the defendants only seek dismissal of (1) the plaintiff's claim for monetary damages asserted against the defendants in their official capacities and (2) the plaintiff's claims regarding the defendants' alleged issuance of false disciplinary charges and the defendants' alleged failure to follow prison rules and regulations.

As to the first issue, the defendants are correct that § 1983 does not provide a federal forum for a litigant seeking monetary damages against a state official acting in an official capacity because such official is not seen to be a "person" under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). Additionally, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity claims and made clear that a claim asserted against a state official in an official capacity for monetary damages is treated as a claim asserted against the State and is therefore barred by the Eleventh Amendment. *Id.* at 25. Accordingly, the plaintiff's claim for monetary damages asserted against the defendants in their official capacities is subject to dismissal. In contrast, the plaintiff's claim for monetary damages asserted against the defendants in their individual capacities remains theoretically viable because a claim for monetary damages asserted against a state official in an

individual capacity, seeking to impose *personal* liability for actions taken by the official under color of state law, is not treated as a suit against the State. *Id.*

As for the second issue, *i.e.,* the plaintiff's claims regarding the alleged issuance of false disciplinary charges and the alleged failure to follow prison rules or regulations, the plaintiff explicitly concedes that he does not seek to assert these claims in this proceeding, *see* R. Doc. 79-1. Accordingly, it is appropriate that these claims be dismissed. In addition, these claims are not properly before the Court in any event in the context of a § 1983 lawsuit. Specifically, the law is well-settled that claims regarding the mere issuance of false disciplinary charges and the mere failure to follow prison rules or regulations do not rise the level of constitutional violations under § 1983. *See Collins v. King*, 743 F.2d 248, 253 (5th Cir. 1984) (false disciplinary charges)*; Jackson v. Cain*, 864 F.2d 1235, 1353 (5th Cir. 1989) (violation of state regulations). Accordingly, the defendants are entitled to the relief requested, and it is appropriate that these claims be dismissed from this proceeding.

Turning to the plaintiff's Motion for Summary Judgment and Supplemental Motion for Summary Judgment (R. Docs. 73 and 87), the Court finds that these motions must be denied because there remain disputed issues of material in this case that preclude a grant of summary judgment in favor of either party in connection with the plaintiff's failure-to-protect claim.[2] In this regard, under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d

---

2. In the motions currently before the Court, neither party addresses the plaintiff's claim that the actions of defendant Chaffin were motivated by retaliatory animus in response to an administrative grievance that the plaintiff had filed against defendant Chaffin in February, 2012. Accordingly, the Court does not address this claim in the instant Report and Recommendation.

1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order for there to be liability in connection with this cause of action, there must have existed an intent on the part of security officers to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm. *Johnston v. Lucas, supra*, 786 F.2d at 1259. "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Farmer v. Brennan, supra*, 511 U.S. at 837 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). The deliberate indifference standard sets a very high bar, and a claim of mere negligence in failing to protect an inmate from harm is not actionable under § 1983. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Applying the foregoing standard, it is clear that summary judgment is not appropriate relative to the failure-to-protect claim. The plaintiff has presented sworn statements attesting that the defendants were each personally aware on April 28, 2012, that the plaintiff and the offending co-inmate were involved in a heated verbal argument on the cell tier, yet the defendants nonetheless allowed the two inmates to come into close physical proximity and then took no action to intervene and prevent or stop the ensuing physical confrontation. To the contrary, the defendants allowed the inmates to fight for a period of time, notwithstanding that the plaintiff was in full restraints and was allegedly unable to protect himself from the punches of the offending co-inmate. In response, the defendants present a different version of events. They contend that only a brief and entirely unanticipated physical altercation took place between the two inmates on the referenced date and that the officers took immediate and appropriate action to curtail the

aggression and to separate the combatants. In response to these assertions, even the plaintiff effectively concedes that summary judgment is not appropriate in connection with this claim. Specifically, the plaintiff explicitly acknowledges in a recent pleading that the respective parties in this case each tell "a different story," that the respective stories are "squarely contradictory," and that "there are genuine issues of material fact that preclude ... summary judgment ... on the plaintiff's failure to protect claim." *See* R. Doc. 79, at pp. 2-3. Accordingly, summary judgment should be denied relative to this claim.

## RECOMMENDATION

It is recommended that the defendants' Motion for Partial Summary Judgment (R. Doc. 71) be granted, dismissing the plaintiff's claim for monetary damages asserted against the defendants in their official capacities and dismissing the plaintiff's claims regarding the alleged issuance of a false disciplinary charge and the alleged failure to follow prison rules and procedures. It is further recommended that the plaintiff's Motion for Summary Judgment and Supplemental Motion for Summary Judgment (R. Docs. 73 and 87) be denied and that this matter be referred back for further proceedings in connection with the plaintiff's claim that the defendants failed to protect him from harm at the hands of a co-inmate on April 28, 2012, and that such failure was motivated by retaliatory animus on the part of defendant Lucien Chaffin.

Signed in Baton Rouge, Louisiana, on January 30, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**