UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD HENSLEY, JR. (# 112218)

CIVIL ACTION

VERSUS

13-280-SDD-RLB

UNKNOWN CHAFFIN, ET AL.

## RULING AND ORDER

Before the Court are the Plaintiff's *Motion for Judgment as a Matter of Law Under Rule 50(b)*[1] and *Motion for New Trial or for Amendment or Alteration of the Judgment Under Rule 59.*[2] These motions are opposed.[3]

**I.    RULE 50(b) JUDGMENT AS A MATTER OF LAW**

The Plaintiff moves for a judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) on the grounds that the jury's verdict was erroneous, contrary to the evidence, and not supported by the record. At trial, the Plaintiff did not make a motion under Rule 50(a) at the close of the evidence. Where no motion was made under Rule 50(a) at the close of the evidence, judgment as a matter of law under Federal Rule of Civil Procedure 50(b) is not available post-verdict or on appeal.[4] In the same Motion, the Plaintiff requests amendment of the judgment or for additional findings to be made pursuant to Rule 52(b). Federal Rule of Civil Procedure 52 applies to nonjury trials, not

---

[1] Rec. Doc. 156.
[2] Rec. Doc. 157.
[3] Rec. Docs. 159 and 160.
[4] *Bay Colony, Ltd. v. Trendmaker, Inc.*, 121 F.3d 998, 1003 (5th Cir. 1997).

jury trials like the one conducted herein.  As such, the Plaintiff's *Motion for Judgment as a Matter of Law Under Rule 50(b)*[5] will be denied.

## II.     RULE 59 MOTION FOR NEW TRIAL

The Plaintiff moves for a new trial under Federal Rule of Civil Procedure 59 based on the conclusory assertion that the jury's verdict is not supported by the record.  Rule 59 of the Federal Rules of Civil Procedure provides that a new trial may be granted "on all or some of the issues ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed.R.Civ.P. 59(a)(1).  Although Rule 59(a) does not list specific grounds for a new trial, the United States Court of Appeals for the Fifth Circuit has held that a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."[6]  However, it is within the "sound discretion of the trial court" to determine whether to grant or deny a motion for new trial.[7]

In the instant matter, the Court finds that the verdict was not against the great weight of the evidence.  That the result is in one party's favor rather than another's does not automatically compel a finding that the verdict was unsupported by the evidence.  As in many cases of this kind, the verdict in this case ultimately hinged on credibility determinations.  More specifically, in making its decision, the jury necessarily had to choose which version of the events it believed—the Plaintiff's or the Defendants'.  The jury made its credibility assessments, weighed this evidence, and obviously drew inferences from this evidence favorable to the Defendants.  Considering the entire record

---

[5] Rec. Doc. 156.
[6] *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted).
[7] *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).

without rehashing the same, there is no basis to conclude that the verdict was against the great weight of the evidence.

In the same Motion,[8] the Plaintiff moves for the judgment to be altered under Rule 59 "due to the evidence." "A Rule 59(e) motion 'calls into question the correctness of a judgment.'"[9] The Fifth Circuit has held that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[10] Instead, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[11] "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[12]

Having already determined above that the jury's verdict was not against the great weight of the evidence, the Court cannot conclude under Rule 59(e) that a manifest error of law, error of fact, or injustice has occurred warranting alteration of the judgment. As such, the Plaintiff's *Motion for New Trial or for Amendment or Alteration of the Judgment Under Rule 59*[13] will be denied.

---

[8] Rec Doc 157.
[9] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).
[10] *Templet*, 367 F.3d at 478–79 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[11] *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)) (alterations omitted).
[12] *Id.* (citations omitted).
[13] Rec. Doc. 157.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's *Motion for Judgment as a Matter of Law Under Rule 50(b)*[14] and *Motion for New Trial or for Amendment or Alteration of the Judgment Under Rule 59*[15] are **DENIED**.

Baton Rouge, Louisiana the 2 day of May, 2016.

*signature*

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[14] Rec. Doc. 156.
[15] Rec. Doc. 157.